SEAN P. FLYNN  (SBN:  220184)
**GORDON & REES LLP**
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Telephone:   (949) 255-6950
Facsimile:    (949) 474-2060

Attorneys for Defendant
AMERICAN MEDICAL COLLECTION AGENCY, A.K.A. RETRIEVAL-MASTERS CREDITORS BUREAU, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMANDO CALDERA, *Individually and On Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN MEDICAL COLLECTION AGENCY, a.k.a. RETRIEVAL-MASTERS CREDITORS BUREAU, INC.,<br><br>Defendant. | CASE NO. CV16-381 CBM (AJWx)<br><br><br>**ORDER RE STIPULATED PROTECTIVE ORDER** |

///
///
///
///
///
///
///
///
///
///
///

-1-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

The Court, having considered the Stipulated Protective Order between the parties and having reviewed the terms of the Sipulation Protective Order,

IT IS HEREBY ORDERED that a protective order is entered as follows:

I.    SCOPE:

    A.    This Protective Order shall limit the use and/or disclosure of documents, deposition testimony, and related information which are, or which embody or disclose any information, designated hereunder as "CONFIDENTIAL" or as "CONFIDENTIAL--ATTORNEYS' EYES ONLY" and shall apply to:

        1.    All such documents so designated in accordance with this Protective Order and all information contained therein;

        2.    Portions of deposition testimony and transcripts and exhibits thereto which include, refer, or relate to any designated "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information;

        3.    All information, copies, extracts, and complete or partial summaries prepared or derived from information that was designated "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY";

        4.    Portions of briefs, memoranda, or any writing filed with or otherwise supplied to the Court under seal, which include or refer to any information designated "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY"; and

        5.    Any document exchange in connection with, or related to, any mediation, or proposed mediation.

    B.    Any person (i.e., any individual or entity) designating documents, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" hereunder asserts

-2-

that he, she, or it believes in good faith that such material is his, her, or its Confidential Information which is not otherwise available to the public generally, or is Confidential Information which the person believes is or may be encompassed by a pre-existing confidentiality agreement with any other person.

C.     "Confidential Information" is defined as documents, material, or testimony that is private or constitutes and/or relates to (a) trade secrets; (b) business strategies, decisions, and/or negotiations; (c) financial, budgeting, and/or accounting information; (d) customer information, including prospective customers; and (e) marketing studies, proformas, projections, and similar information relating to the value and/or potential value of stock, science and technology, and/or other assets or liabilities.

D.     Confidential Information ordinarily should be designated as "CONFIDENTIAL" rather than "CONFIDENTIAL--ATTORNEYS' EYES ONLY."  A "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation is appropriate only where the Confidential Information is so extremely sensitive in the context of this case that there is a real danger that the party producing the information could be prejudiced if the information is disclosed under the protection provided by a "CONFIDENTIAL" designation.  Examples of information warranting a "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation are documents which contain, disclose, or reflect trade secrets, sensitive customer information, business and marketing plans and information, or similarly competitively sensitive information.

///
///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-3-

E.     Nothing in this Order and no party's designation of any document or information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed to constrain, preclude, or otherwise affect in any manner the independent research and development, marketing, product development, or other technical activities of the parties.

F.     Nothing in this Order and no party's designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed to constrain, preclude, or otherwise affect the use (including the ability to include the document or information in papers not filed under seal) of another party's documents which are duplicates of such designated documents provided that such duplicate documents were lawfully obtained by such party through means independent of the discovery process.

G.     A party's failure to designate a document as its Confidential Information where the document was produced by another party and designated by the producing party as that party's Confidential Information shall not be construed to waive the non-designating party's claim, with respect to present and future litigation between these or other parties, that the document contains the non-designating party's Confidential Information.

II.    DESIGNATION OF DOCUMENTS AND DEPOSITIONS AS "CONFIDENTIAL" OR "CONFIDENTIAL--ATTORNEYS' EYES ONLY":

A.     Designation of a document as "CONFIDENTIAL" by the producing party shall be made by conspicuously stamping or writing "CONFIDENTIAL" on each page thereof.

///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

B.  Designation of a document as "CONFIDENTIAL--ATTORNEYS'
EYES ONLY" by the producing party shall be made by conspicuously
stamping or writing "CONFIDENTIAL--ATTORNEYS' EYES
ONLY" on each page thereof.

C.  Designation of a deposition or other pretrial testimony, or portions
thereof, as "CONFIDENTIAL" or "CONFIDENTIAL--
ATTORNEYS' EYES ONLY" shall be made by a statement on the
record by counsel for the party or other person making the claim of
confidentiality at the time of such testimony.  The portions of
depositions so designated as "CONFIDENTIAL" or
"CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be taken
only in the presence of persons qualified to receive such information
pursuant to the terms of this Protective Order, the court reporter, the
deponent, and the deponent's attorney.  Failure of any person to
comply with a request to leave the deposition room will constitute
sufficient justification for the witness to refuse to answer any question
calling for disclosure of Confidential Information so long as persons
not entitled by this Protective Order to have access to such
information are in attendance.  Thereafter, any counsel may reopen
the deposition into areas which the witness refused to answer after
bringing a motion for protective order to resolve whether the person
who refused to leave the deposition should be allowed to be present
during questioning.  After resolution of said motion, counsel shall be
allowed to continue said deposition with respect to the questions, and
lines of questioning, which the deponent refused to answer, though the
court may order that the deposition continue outside the presence of
the person who refused to leave the initial deposition.  The applicable
portions of such deposition transcripts shall be clearly marked

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES

2    ONLY" on each page containing the Confidential Information.

3    D.    Any party may designate documents or portions of deposition

4          transcripts as containing Confidential Information even if not initially

5          marked as "CONFIDENTIAL" or "CONFIDENTIAL--

6          ATTORNEYS' EYES ONLY" in accordance with the terms of this

7          Protective Order by so advising counsel for each party in writing

8          within twenty-one (21) calendar days of the receipt of the document

9          or deposition transcript which he, she, or it wishes to designate as

10         Confidential Information.  Thereafter each such document or

11         transcript shall be treated in accordance with the terms of this

12         Protective Order.  Any person served with written notice of any such

13         designation of previously produced documents or deposition

14         transcripts as containing Confidential Information shall thereafter treat

15         such information as if it had been designated as "CONFIDENTIAL"

16         or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" at the time he,

17         she, or it first received it in connection with this action and shall mark

18         all copies of such documents in his, her, or its possession accordingly.

19   III.  LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL

20         INFORMATION:

21   A.    No Confidential Information shall be disclosed by anyone receiving

22         such information to anyone other than those persons designated

23         herein, and in no event shall Confidential Information be used, either

24         directly or indirectly, by anyone receiving such information for any

25         business, commercial or competitive purpose or for any purpose

26         whatsoever other than the preparation for or trial of this action in

27         accordance with the provisions of this Protective Order.

28   ///

-6-

B.   Confidential Information designated "CONFIDENTIAL" shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

1.   Retained counsel for any party to this action and their respective associates, clerks and employees involved in the conduct of this litigation, but not including in-house counsel to either party, defined as counsel regularly employed or paid by, or associated with, a party, and/or whose offices are located within any premises of a party;

2.   The parties hereto, and their present officers, directors and employees;

3.   Outside experts and consultants retained by a party for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

4.   Any person who actually was involved in the preparation of the document or who appears on the face of the document as the author, addressee, or other recipient or currently is affiliated with the party that produced or appears to have prepared said document;

5.   Court reporters and similar personnel, provided further that Confidential Information filed with the Clerk of the Court shall be sealed subject to release only by order of the Court or agreement of counsel;

6.   Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of Confidential Information should be made in order to conduct relevant examination of such deponent on topics about which the

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

attorney in good faith believes the deponent may have relevant information.  In the case of a deponent who was not an author or recipient of the Confidential Information, and who has not previously agreed to be bound by the terms of this Order, the attorney conducting the examination shall limit disclosure of confidential information by any means practicable (i.e., redaction or severance of non-relevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of said redacted document before showing it to the witness. Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the Confidential Information at issue and any lines of questioning relating to the Confidential Information at issue, and to apply to the Court for a further Protective Order or other appropriate relief; and

7.      Any other person, either with the prior written consent of the party who has designated such information as confidential or pursuant to a Court order.

8.      The jury, judge and court personnel at time of trial.

C.      Confidential Information designated "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

1.      Retained counsel for any party to this action and their respective associates, clerks and employees involved in the conduct of this litigation, but not including in-house counsel to either party, defined as counsel regularly employed or paid by,

-8-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

or associated with, a party, and/or whose offices are located within any premises of a party;

2.   Outside experts and outside consultants assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

3.   Any person who actually was involved in the preparation of the document or who appears on the face of document as the author, addressee, or other recipient, or is currently affiliated with the party that produced or appears to have prepared said document;

4.   Court reporters and similar personnel, provided further that Confidential Information filed with the Clerk of the Court shall be sealed subject to release only by order of the Court or agreement of counsel;

5.   Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of Confidential Information should be made in order to conduct relevant examination of such deponent on topics about which the attorney in good faith believes the deponent may have relevant information.  In the case of a deponent who was not an author or recipient of the Confidential Information, and who has not previously agreed to be bound by the terms of this Order, the attorney conducting the examination shall limit disclosure of confidential information by any means practicable (i.e., redaction or severance of non-relevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy

of said redacted document before showing it to the witness. Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the Confidential Information at issue and any lines of questioning relating to the Confidential Information at issue, and to apply to the Court for a further Protective Order or other appropriate relief;

6.    Any other person, either with the prior written consent of the party who has designated such information as confidential or pursuant to a Court order; and

7.    The jury, judge and court personnel at time of trial.

D.    Before any person described in paragraphs 3(b)(iii), 3(b)(vii), 3(c)(ii) or 3(c)(vi) receives or is shown any document or information which has been designated as confidential, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the "Agreement to be Bound By Terms Of The Protective Order" attached hereto as Exhibit A, to be bound by the terms hereof.  The original of each such Acknowledgment and Agreement shall be maintained by counsel, and transmitted by facsimile to all other counsel of record.  If any counsel objects to showing the signatory documents subject to this Order, the objecting party shall give facsimile notice of its objections and the grounds therefore and shall have five business days to file and serve a motion for protective order.  If no objection is raised or no motion for protective order is filed and served within five days thereafter, all objections to showing the signatory documents shall be waived and the signatory may be shown the documents subject to this Order.  If the person does not so agree, the person may not be shown the document until after a motion for protective order is

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-10-

1   brought and an order obtained preventing the person from misusing

2   any information in the document.

3   E.   Nothing in this Protective Order shall be construed to require

4   execution of the written Acknowledgement and Agreement referred to

5   in paragraph 3(d) above, or to prevent disclosure of Confidential

6   Information, by the party producing and designating such Confidential

7   Information, or by any employee of such party.

8   F.   Nothing in this Protective Order shall prevent counsel for either party

9   from summarizing or discussing in general terms the nature of

10   documents designated as "CONFIDENTIAL" or "CONFIDENTIAL--

11   ATTORNEYS' EYES ONLY" with representatives of their respective

12   clients, outside experts and consultants, deponents or potential

13   witnesses, provided such summary or discussion does not disclose, in

14   any way, the substance of the document so designated, the

15   Confidential Information contained therein, and/or trade secret

16   information of another party.

17   IV.   FILE UNDER SEAL:

18   All Confidential Information filed with the Court and any pleading or other

19   paper containing Confidential Information shall be filed under seal and marked:

20   "CONFIDENTIAL INFORMATION.   This envelope
     contains documents that are subject to a Protective Order
21   of this Court and shall not be opened or unsealed by
     anyone except the Court or its staff, without the prior
22   written consent of counsel for the parties hereto or
     pursuant to order of this Court.  If the contents of this
23   envelope are so unsealed, they shall thereafter be
     resealed."

24

25   The envelope shall not be opened without further order of the Court.

26   Nothing shall be filed under seal, and the court shall not be required to take

27   any action, without a separate prior order by the Judge before whom the hearing or

28

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-11-

proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

V.     CHALLENGE TO CONFIDENTIALITY DESIGNATION:

Any party who disagrees with the designation by a party of a document or other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" may bring a motion before the Court requesting that the Court find that the document or other information is, in fact, not confidential.  Prior to bringing such motion, a party who objects to any other party's designation of documents or other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall notify the other party in writing of the objection.  The interested parties or other persons shall attempt to resolve such disagreements before submitting them to the Court.  Pending resolution of any dispute concerning such designation, all parties and persons governed by this Protective Order shall treat as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" all documents and information previously designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" under the terms of this Protective Order.  If a motion challenging the confidentiality designation is brought, the party or person asserting that a document or other information is properly designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall bear the burden of proving that the document or other information is Confidential Information.

VI.    SURVIVAL OF ORDER - RETURN OF DOCUMENTS:

A.     The provisions of this Order shall continue in effect until otherwise ordered by the Court after notice and an opportunity to be heard is afforded to the parties to this action.  The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder.  This Court

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order.  Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall be destroyed or returned to counsel for the producing party, except that the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein.  Within sixty days of the conclusion of this litigation, the attorneys for the receiving party shall notify the attorneys for the producing party that such return or destruction occurred.

B.     Except as provided in Sections 4 or 7 hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under Section 3 hereunder, or kept by counsel of record either at the premises regularly maintained by such counsel of record as and for their respective law offices, or otherwise in their sole custody or control.

VII.   USE OF OWN DOCUMENTS BY PRODUCING PARTY:

Nothing in this Protective Order shall limit the use by any party or other person of his, her or its own document(s) or information, or any other documents or information obtained independently of discovery, even if such document(s) or information have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY."

VIII.  APPLICATIONS TO COURT:

A.     This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which otherwise would be available.  This Protective Order shall not preclude or limit any

-13-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    party's right to seek in camera review or to seek further and additional

2    protection against or limitation upon production or dissemination of

3    information produced in response to discovery, including documents

4    and their contents.

5    B.    Any person to or by whom disclosure or inspection is made in

6          violation of this Protective Order, and who has knowledge of this

7          Protective Order, shall be bound by the terms hereof.

8    C.    The parties hereby, and all other persons who receive Confidential

9          Information pursuant hereto, agree that any party or other person

10         injured by a violation of this Order does not have an adequate remedy

11         at law and that an injunction against such violation is an appropriate

12         remedy.  In the event any person shall violate or threaten to violate

13         any terms of this Order, the parties agree that the aggrieved party may

14         immediately apply to obtain injunctive relief against any such person.

15         In the event the aggrieved party shall do so, the respondent person

16         subject to the provisions of this Order shall not employ as a defense

17         thereto the claim that the aggrieved party has an adequate remedy at

18         law.  Any persons subject to the terms of this Order agree that this

19         Court shall retain jurisdiction over it and them for the purposes of

20         enforcing this Order.  The remedies set forth in this Section 8(c) are

21         not exclusive to any other remedies that an aggrieved party may elect

22         to pursue.

23   IX.   NO ADMISSIONS:

24         Neither entering into this Stipulation for Protective Order nor receiving any

25   documents or other information designated as "CONFIDENTIAL" or

26   "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed as an

27   agreement or admission (1) that any document or information designated as

28   "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" is in

-14-

fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY;" or (3) as to the authenticity, competency, relevancy, or materiality of any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY." This Order is not intended to modify or waive the provisions of the California Rules of Civil Procedure or of the California Rules of Evidence.  This Order does not require the production of documents or information that would otherwise be non-discoverable.

X.     SUBPOENA BY OTHER COURTS OR AGENCIES:

If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents which a party has obtained under the terms of this Order, before complying with such subpoenas or orders, such party shall promptly notify the party or other person who designated the documents of the pendency of such subpoena or order.

XI.    MODIFICATION - FURTHER AGREEMENTS:

Nothing contained herein shall preclude any party from seeking from the Court modification of this Order upon proper notice or preclude the parties from entering into other written agreements designed to protect Confidential Information.

Further, the Court may modify the protective order in the interests of justice or for public policy reasons.

XII.   COUNTERPARTS:

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    I hereby consent to the form, substance of this agreement and consent to

2  entry of this agreement as an order.

3

4

5

6  Dated:  July 18, 2016                    **GORDON & REES LLP**

7

8                                        By:    *s/Sean P. Flynn*
                                                Sean P. Flynn
9                                               Attorneys for Defendant
                                                AMERICAN MEDICAL
10                                              COLLECTION AGENCY, a.k.a.
                                                RETRIEVAL-MASTERS
11                                              CREDITORS BUREAU, INC.

12

13  DATED: July 18, 2016               LAW OFFICES OF TODD M. FRIEDMAN,
                                       P.C.
14

15

16                                      By:   *s/Adrian R. Bacon*
                                              Attorneys for Plaintiff
17                                            ARMANDO CALDERA

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1114080/28859045v.1

[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

1

2     DATED: August 9, 2016          HYDE & SWIGART

3

4

5                                    By:  s/Joshua B. Swigart
                                         Attorneys for Plaintiff
6                                        ARMANDO CALDERA

7

8     DATED: August 9, 2016          KAZEROUNI LAW GROUP

9

10

11                                   By:   s/Abbas Kazerounian
                                         Attorneys for Plaintiff
12                                       ARMANDO CALDERA

13    **IT IS SO ORDERED**.

14
      DATED:  _August 31, 2016
15
                                     _____
16                                   Hon. Andrew J. Wistrich

17

18

19

20

21

22

23

24

25

26

27

28

-17-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

**EXHIBIT A**

AGREEMENT TO BE BOUND BY TERMS OF THE PROTECTIVE ORDER

I, _____, have received a copy of the Stipulation for Protective Order and Protective Order entered in the action entitled:

    *Caldera v. American Medical Collection Agency aka Retrieval-Masters Creditors Bureau, Inc.* (U.S.D.C., Central District of California, Case No. 2:16-cv-00381-CBM).

    I have carefully read and understand the provisions of the Protective Order. I agree that I will comply with all provisions of the Protective Order and will use any "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information only for purposes of this action.  At the end of this litigation or my involvement in this litigation, whichever occurs first, I will either destroy or return to counsel for the party by whom I am employed or retained all such "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" documents or information that comes into my possession.

Dated: _____         _____
                                         Name

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1114080/29493511v.1

[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER